Tammy Hussin (Bar No. 155290)
6408 Merlin Dr., Suite #100
Carlsbad, CA 92011
Telephone (203) 653-2250 ext. 5514
*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Timothy Knight, Kacie Stephens, and Robert Knight

FILED
2011 MAY 31 PM 3:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

Timothy Knight; Kacie Stephens; Robert Knight,

Plaintiffs,

vs.

Consumer Portfolio Services, Inc.; and DOES 1-10, inclusive,

Defendants.

Case No.: **CV 11-4633 PA (RZx)**

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**
**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**

**JURY TRIAL DEMANDED**

By Fax

For this Complaint, the Plaintiffs, Timothy Knight, Kacie Stephens and Robert Knight (hereinafter "Plaintiffs"), by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

1. Plaintiff, Timothy Knight (hereinafter "Timothy"), is an individual and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

2. Plaintiff, Robert Knight (hereinafter "Knight"), is an adult individual residing at 1608 Hwy V. Elsberry, Missouri, 63343, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff, Kacie Stephens (hereinafter "Stephens"), is an adult individual residing at 45 Brian Lane, Troy, Missouri, 63379, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Stephens is Timothy's sister. Knight is Timothy's father.

5. Defendant, Consumer Portfolio Services, Inc. ("CPS"), is a California business entity with an address of 19500 Jamboree Road, Irvine, California 92612, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CPS and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CPS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Timothy allegedly incurred a financial obligation in the amount of $7,000.00 (the "Debt") to a Creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Consumer for collection, or Consumer was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. <u>Consumer Engages in Harassment and Abusive Tactics</u>**

12. Defendants contacted Knight and Stephens in an attempt to collect the alleged debt owed by Timothy. Defendants informed Knight and Stephens of the existence of the Debt. Knight and Stephens informed Defendants on multiple occasions that the Timothy did not reside with either Knight and Stephens and instructed Defendants to cease contacting them. Despite their instruction, Defendants continued to repeatedly contact Knight and Stephens in an attempt to collect the Debt.

13. Defendants, at all times mentioned herein, were aware of the location information of Timothy, and made numerous collection calls to Timothy.

14. Timothy repeatedly instructed Defendants to cease contacts with Knight and Stephens. Despite Timothy's repeated demands to cease collection calls with his family members, Knight and Stephens were repeatedly contacted by Defendants in an attempt to collect the Debt.

15. The Defendants contacted Knight and Stephens at an excessive and harassing rate, often times calling three (3) to six (6) times a week since August of 2010.

16. The Defendants repeatedly disclosed the existence of the Debt to Knight and Stephens, and repeatedly informed Knight and Stephens that the calls were an attempt to collect the Debt.

17. Counsel for Plaintiffs sent a letter to CPS, informing CPS that they were represented by counsel, and instructed CPS to cease contacts with Plaintiffs and to direct all communications to counsel for Plaintiffs. Despite having received said letter of representation, Defendants placed four (4) calls to Plaintiffs in an attempt to collect the Debt. Two calls were made on April 8, 2011 and two calls were made on April 11, 2011.

18. The Defendants called Knight at 07:54 a.m. on April 11, 2011.

## C. **<u>Plaintiff Suffered Actual Damages</u>**

19. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct. Debtor has suffered embarrassment and humiliation upon the disclosure of the Debt to his family members.

20. Knight suffered a heart attack in 2010 and the repeated contact has caused Knight a significant amount of worry and distress.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

23. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiff, including contacting Plaintiffs prior to 8:00 a.m., in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27. The Defendants contacted the Plaintiffs after having knowledge that the Plaintiffs were represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

28. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

29. Defendants contacted third parties in regards to Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3)

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

32. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. CPS, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiffs in continuous conversations with an intent to annoy the Plaintiffs, in violation of Cal. Civ. Code § 1788.11(d).

36. The Defendants communicated with the Plaintiffs with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

37. The Defendants contacted the Plaintiffs before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

38. The Defendants contacted the Plaintiffs after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

39. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

40. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

41. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a) against the Defendants;

B. Statutory damages of $1,000.00 for each Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages of $1,000.00 for each Plaintiff for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: May 31, 2011

By:
Tammy L Hussin, *of counsel*
Lemberg & Associates
Attorney for Plaintiffs, Timothy Knight, Kacie Stephens and Robert Knight